Andrew M. Kohlmetz
The Law Office of Andrew M. Kohlmetz
741 SW Lincoln Street
Portland, OR 97201
(503) 265-8307
andy@portlandfederaldefense.com

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:25-CR-00365-AN |
| Plaintiff, | |
| vs. | PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND ORDER ENTERING PLEA. |
| JUNIPER PERRY WEED, | |
| Defendant. | |

The defendant represents to the court:

1.      My name is Juniper Perry Weed, I am 22 years old.  I have gone to school up to and through high school.

2.      My attorneys are Sara Foroshani, OSB # 131011, and Andrew M. Kohlmetz, OSB # 955418.

3.      My attorneys and I have discussed my case fully.  I have received a copy of the Indictment or Information.  I have read the Indictment or Information, or it has been read to me, and I have discussed it with my attorneys.  My attorneys have counseled and advised me concerning the nature of each charge, any lesser-included offense(s), and the

possible defenses that I might have in this case. I have been advised and understand that the elements of the charge(s) alleged against me to which I am pleading "GUILTY" are as follows:

**Count 1 – On or about June 18, 2025, in the District of Oregon I did forcibly assault Adult Victim 1 (AV1), a person designated as a federal officer under 18 U.S.C. § 1114, While AV1 was engaged in, and/or on account of the performance of AV1's official duties.**

I have had a full and adequate opportunity to disclose to my attorneys all facts known to me that relate to my case.

4. I know that if I plead "GUILTY," I will have to answer any questions that the judge asks me about the offense(s) to which I am pleading guilty. I also know that if I answer falsely, under oath, and in the presence of my attorneys, my answers could be used against me in a prosecution for perjury or false statement.

5. I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason except as follows: **NONE.**

I have not taken any drugs or medications within the past seven (7) days except as follows: **Atavan and Hydroxizine.**

6. I understand that conviction of a crime can result in consequences in addition to imprisonment. Such consequences include deportation, or removal from the United States, or denial of naturalization, if I am not a United States citizen; loss of eligibility to receive federal benefits; loss of certain civil rights (which may be temporary

or permanent depending on applicable state or federal law), such as the right to vote, to hold public office, and to possess a firearm; and loss of the privilege to engage in certain occupations licensed by the state or federal government.

7.      I know that I may plead "NOT GUILTY" to any crime charged against me and that I may persist in that plea if it has already been made.   I know that if I plead "NOT GUILTY" the Constitution guarantees me:

     a.    The right to a speedy and public trial by jury, during which I will presumed to be innocent unless and until I am proven guilty by the government beyond a reasonable doubt and by the unanimous vote of twelve jurors;

     b.    The right to have the assistance of an attorney at all stages of the proceedings;

     c.    The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in my favor;

     d.    The right to see, hear, confront, and cross-examine all witnesses called to testify against me;

     e.    The right to decide for myself whether to take the witness stand and testify, and if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and

     f.    The right not to be compelled to incriminate myself.

8.     I know that if I plead "GUILTY" there will be no trial before either a judge or a jury, and that I will not be able to appeal from the judge's denial of any pretrial motions I may have filed concerning matters or issues not related to the court's jurisdiction.

9.     In this case I am pleading "GUILTY" under Rule 11(c)(1)(B). My attorneys have explained the effect of my plea under rule 11(c)(1)(B) to be as follows: Both parties will make recommendations to the court concerning the appropriate sentencing range and sentence in this case. These recommendations are not binding upon the court. Should the court hand down a greater sentence than the one I expected, I have no right to withdraw my plea of guilty. The actual sentence is up to the court to decide.

10.     I know the maximum sentence which can be imposed upon me for the crime(s) to which I am pleading guilty is **1 year** of imprisonment and a fine of **$100,000.00**. I also know there is no mandatory minimum sentence of imprisonment.

11.     I know that the judge, in addition to any other penalty, will order a special assessment as provided by law in the amount of $25.00 per count of conviction.

12.     I know that if I am ordered to pay a fine, and I willfully refuse to pay that fine, I can be returned to court, where the amount of the unpaid balance owed on the fine can be substantially increased by the judge and I can be imprisoned for up to one year.

13.     My attorneys have discussed with me the Federal Sentencing Guidelines. I know that the Guidelines are advisory, not mandatory. I also know that the sentencing Judge, in determining the particular sentence to be imposed, must consider those factors set forth in Title 18, United States Code, section 3553(a), including but not limited to: The nature and circumstances of the offense, my own past history and personal characteristics, the goals of sentencing (punishment, deterrence, protection of society, and rehabilitation) and the advisory sentencing guidelines range. Although most sentences will be imposed within the guideline range, I know that there is no guarantee that my sentence will be within the guideline range.  If my attorneys or any other person have calculated a guideline range for me, I know that this is only a prediction and that it is the judge who makes the final decision as to what the guideline range is and what sentence will be imposed.  I also know that a judge may not impose a sentence greater than the maximum sentence referred to in paragraph (10) above.

14.     I know from discussion with my attorneys that, under the Federal Sentencing Guidelines, if I am sentenced to prison I am not entitled to parole.  I will have to serve the full sentence imposed except for any credit for good behavior that I earn.  I can earn credit for good behavior in prison at a rate of up to 54 days for each year of imprisonment imposed.  Credit for good behavior does not apply to a sentence of one year or less.

15.     I know that if I am sentenced to prison, the judge will impose a term of supervised release to follow the prison sentence.  During my supervised release term I will be supervised by a probation officer according to the terms and conditions set by the

judge. In my case, a term of supervised release may be **up to 1 year**. If I violate the conditions of supervised release, I may be sent back to prison for up to **1 year**.

16.     I know that in addition to or in lieu of any other penalty, the judge can order restitution payments to any victim of any offense to which I plead guilty. I am also informed that, for certain crimes of violence and crimes involving fraud or deceit, it is mandatory that the judge impose restitution in the full amount of any financial loss or harm caused by an offense. If imposed, the victim can use the order of restitution to obtain a civil judgment lien. A restitution order can be enforced by the United States for up to twenty (20) years from the date of my release from imprisonment, or, if I am not imprisoned, twenty (20) years from the date of the entry of judgment. If I willfully refuse to pay restitution as ordered, a judge may resentence me to any sentence which could originally have been imposed.

17.     On any fine or restitution in an amount of $2,500.00 or more, I know that I will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

18.     If I am on probation, parole, or supervised release in any other state or federal case, I know that by pleading guilty in this court my probation, parole or supervised release may be revoked and I may be required to serve time in that case, which may be consecutive, that is, in addition to any sentence imposed on me in this court.

19.     If I have another case pending in any state or federal court, I know that my Petition and Plea Agreement in this case do not, in the absence of an express and written agreement, apply to my other case(s), and that I can be faced with consecutive sentences of imprisonment.

20.     My plea of "GUILTY" is based on a Plea Agreement that I have made with the prosecutor. That Plea Agreement is attached hereto and incorporated herein. I have read or had read to me the Plea Agreement, and I understand the Plea Agreement.

21.     The Plea Agreement contains the only agreement between the United States government and me. No officer or agent of any branch of government (federal, state or local) or anyone else has promised or suggested that I will receive a lesser term of imprisonment, or probation, or any other form of leniency if I plead "GUILTY" except as stated in the Plea Agreement. I understand that I cannot rely on any promise or suggestion made to me by a government agent or officer which is not stated in writing in the Plea Agreement, or which is not presented to the judge in my presence in open court at the time of entry of my plea of guilty.

22.     My plea of "GUILTY" is not the result of force, threat, or intimidation.

23.     I hereby request that the judge accept my plea of "GUILTY" to the following count(s): **Count 1.**

24.     I know that the judge must be satisfied that a crime occurred and that I committed that crime before my plea of "GUILTY" can be accepted. With respect to the charge(s) to which I am pleading guilty, I represent that I did the following acts and that the following facts are true:

**Count 1 – On or about June 18, 2025, in the District of Oregon I did forcibly assault Adult Victim 1 (AV1), a person designated as a federal officer under 18 U.S.C. § 1114, While AV1 was engaged in, and/or on account of the performance of AV1's official duties.**

25.     I offer my plea of "GUILTY" freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Indictment or Information, and with a full understanding of the statements set forth in this Petition and in the Certificate of my attorneys that is attached to this Petition.


        SIGNED by me in the presence of my attorneys, after reading (or having had read to me) all of the foregoing pages and paragraphs of this Petition on this __15th__ day of __October__, 2025.


                                        _Juniper Weed_____
                                        Juniper Perry Weed

# CERTIFICATE OF COUNSEL

The undersigned, as attorneys for defendant Juniper Perry Weed III hereby certify that:

1. We have fully explained to the defendant the allegations contained in the Indictment or Information in this case, any lesser-included offense(s), and the possible defenses which may apply in this case.

2. We have personally examined the attached Petition to Enter Plea of Guilty and Order Entering Plea, explained all its provisions to the defendant, and discussed fully with the defendant all matters described and referred to in the Petition.

3. We have explained to the defendant the maximum penalty and other consequences of entering a plea of guilty described in paragraphs (6)-(20) of the Petition, and I have also explained to the defendant the applicable Federal Sentencing Guidelines.

4. We recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by us in the presence of the above-named defendant, and after full discussion with the defendant of the contents of the Petition to Enter Plea of Guilty, and any Plea Agreement, on this 15th day of October, 2025.

_____
Sara Foroshani, OSB 131011

_____
Andrew M. Kohlmetz, OSB 955418

ORDER ENTERING PLEA

I find that the defendant's plea of GUILTY has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crime(s) to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

DATED this _16_ of _October_, 2025, in open court.

_____
The Honorable Adrienne Nelson
U.S. District Court Oregon